## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SARAH RABUCK,

      Plaintiff,

v.                                         Case No.: 6:24-cv-1586-PGB-DCI

POLLACK & ROSEN, P.A.,

      Defendant.

_____/

## PLAINTIFF'S MOTION TO STRIKE
## <u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

The Plaintiff, SARAH RABUCK ("Plaintiff"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(f), moves to strike all the affirmative defenses asserted by the Defendant, POLLACK & ROSEN, P.A. ("Defendant").[1] In support thereof, Plaintiff states:

1.    Plaintiff's cause of action against Defendant is for violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically, its venue provision. 15 U.S.C. § 1692i.

---

[1] Doc. #22.

2.      Proper venue for collection of a consumer debt against a consumer is clearly outlined under 15 U.S.C. § 1692i(a), which states in pertinent part:

> (a) VENUE  Any debt collector who brings any legal action on a debt against any consumer shall-
>
> . . . bring such action only in the judicial district or similar legal entity-
>
> (A)  in which such consumer signed the contract sued upon; or
>
> (B)  in which such consumer resides at the commencement of the action.

2.      Defendant filed its answer which raised four (4) affirmative defenses, all of which are legally insufficient, factually inaccurate and incorrect pronouncements of federal law.[2]

3.      Each affirmative defense is one sentence in length and provides zero supporting facts.

4.      Affirmative defenses must comply with federal pleading requirements.

5.      A defense, as pled, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the

_____

[2] Doc. #22.

complaint," to provide the plaintiff fair notice of the grounds upon which the defense rests. *Daley v. Scott,* 2016 U.S. Dist. LEXIS 83735 (M.D. Fla. June 28, 2016).

6. Boilerplate pleading--that is, merely listing the name of the affirmative defense without providing any supporting facts, is insufficient to satisfy Rule 8(c) because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense.

7. Here, Defendant's affirmative defenses "are principally the pleader's conclusions and not the ultimate facts", and therefore, cannot pass muster under Federal law.

8. They are "conclusory in their content and lacking in any real allegations of ultimate fact" that are applicable to the instant action.

9. A careful review of Defendant's affirmative defenses shows that they either fail to assert the proper factual predicate, fail to provide enough specificity or are entirely devoid of legal merit.

10. For these reasons, among others, this Honorable Court should strike all of Defendant's affirmative defenses as legally insufficient and incorrect pronouncements of Federal law.

## <u>AFFIRMATIVE DEFENSE #1 – FAILURE TO MITIGATE DAMAGES</u>

The legislature created an entire statutory scheme that permits recovery of statutory damages upon a violation of the FDCPA occurring. The FDCPA is designed to eradicate abusive practices, and if these goals are to be reached, debt collectors must appreciate the real penalties for violating the FDCPA. Otherwise, the FDCPA will have little to no deterrent effect. If a consumer collection agency or debt collector law firm knows that it can engage in harassing and obnoxious debt collection practices with the best outcome being that it squeezes money from consumers and the worst being that the consumer's debt is merely reduced by penalties imposed under the FDCPA—with no money ever coming out of the debt collector's pocket—debt collectors will have no reason to play by the rules.

Any claim by Defendant which attempts to implicate the oft-chanted mantra that an FDCPA Plaintiff must mitigate damages is a house of cards and should be summarily rejected. The FDCPA is a statutory tort. Any argument to the opposite is an incorrect legal assertion and a baseless attempt to stand the remedial FDCPA statute on its head.

The FDCPA is a strict liability statute, meaning that debt collectors are generally liable for violating the law regardless of their intent or

knowledge. *Prescott v. Seterus Inc.*, 635 F. App'x 640 (11th Cir 2015). This means that debt collectors can't avoid liability based on mistaken beliefs about the law or facts. Here, once the lawsuit was filed in the wrong venue, liability attached. *See also Oglesby v. Rotche*, No. 93-C-4183, 1993 U.S. Dist. LEXIS 15687, 1993 WL 460841 (N.D.Ill. Nov. 5, 1993) (holding that a violation of § 1692i is "in the nature of a statutory tort which is completed upon the filing of an action in an improper venue"); see also *Holton v. Huff*, 2012 U.S. Dist. LEXIS 53185, at *5 (M.D. Pa. 2012)(holding same and approving of *Oglesby* and stating "it makes no difference that Defendants voluntarily withdrew the complaint without prejudice a week after filing it. Once Defendants filed the underlying state court action, liability attached immediately.") In finding that a violation of the FDCPA that arose through a debt collection action occurred at the filing of the complaint rather than when the debtor was served with the complaint, the Sixth Circuit in *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455, 463 (6th Cir. 2013) reasoned as follows:

> . . . filing a complaint may cause actual harm to the debtor: a pending legal action, even preservice, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers. The debt collector may also use the pending legal action to pressure a

debtor to pay back the debt informally, without serving the complaint—precisely the type of unfair practice prohibited by the FDCPA. See *15 U.S.C. § 1692e(5)* ("The threat to take any action that cannot legally be taken or that is not intended to be taken.")

 . . . there is no good reason to protect debt collectors who have filed complaints but not yet served process. As the purpose of the FDCPA "is to regulate the actions of debt collectors," *Naas*, 130 F.3d at 893, the focus should be on the debt collector's actions, not on the awareness of the debtor. Filing suit is good evidence of an attempt to collect, and the complaint is good evidence of the details of that attempt.

This instant action was filed shortly after Plaintiff was made aware of Defendant's wrongful filing in Seminole County Florida. In fact, it was filed before the Plaintiff was served. Thus, this defense lacks factual merit. Importantly, Plaintiff's filing in the wrong county alone is sufficient to establish civil liability. *Owen v. I. C. Sys., Inc.*, 629 F.3d 1263 (11th Cir. 2011); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). And, also important, this argument lacks any facts to support its conclusion.

## **AFFIRMATIVE DEFENSE #2**

This attempted defense simply states that "[a]s its Second Affirmative Defense, Defendant would show that Plaintiff's damages for "anxiety, despair, anguish, depression, lack of sleep, frustration, and emotional

distressed were the result of Plaintiff's failure to pay her outstanding debts and not the filing of a lawsuit in the wrong County"

This is not an affirmative defense but rather a mere denial of Plaintiff's well-pled allegations. A denial is not an affirmative defense. A defense that points out a defect in the Plaintiff's ability to prove a prima facie case is a denial. *E.g., In re Rawson Food Serv., Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988). In contrast, an affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter. This attempted defense does the former and thus, should not be treated as an affirmative defense. Moreover, this argument lacks any facts to support its conclusion.

## AFFIRMATIVE DEFENSE #3 - SET OFF

For reference, this affirmative defense is numerically numbered as "3" but is stated as Defendant's "Fourth Affirmative Defense" in its answer.

This defense lacks merit because the Defendant does not own the debt at issue. Defendant is a debt collecting law firm who is simply attempting to collect this consumer debt on behalf of its client. *Heintz v. Jenkins,* 514 U.S. 291 (1995) (holding that lawyers who regularly attempt to collect debt for

their clients are debt collectors under the FDCPA.)

Importantly, a communication cannot be uniquely exempted from the Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692, *et seq.*, because it is a formal pleading or, in particular, a complaint. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016); *Heintz, supra*. The United States Supreme Court has held that the initiation of legal proceedings is debt collection activity. *Reese v. Ellis, Painter, Ratterree & Adams, L.L.P.*, 687 F.3d 1211, 1214 (11th Cir. 2012) (holding that a law firm was a "debt collector" under the Fair Debt Collection Practices Act).

Here, the Defendant violated the FDCPA by filing the lawsuit in the wrong venue on behalf of its client, whom the debt is allegedly owed to. The Defendant does not own the debt, and therefore, this defense is absent merit in law and fact.

## AFFIRMATIVE DEFENSE #4 - BONA FIDE ERROR

For reference, this affirmative defense is numerically numbered as "4" but is stated as Defendant's "Third Affirmative Defense" in its answer.

This defense fails to even track the language of the applicable statute, let alone provide any facts to support it. The FDCPA typically subjects persons to liability even when violations are not knowing or intentional, but

affords a narrow carve-out to the general rule of strict liability, known as the bona fide error defense. The bona fide error defense is an affirmative defense for which the debt collector has the burden of proof. In providing a narrow carve out exception, the FDCPA states that "[a] person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error."

The bona fide error defense has multiple elements, including not only that the conduct was unintentional, but that it occurred despite the maintenance of procedures reasonably adapted to prevent the violation from occurring. To prevail on a bona fide error defense, the Defendant must show that that it not only maintains policies and procedures to avoid such errors, but that Defendant also checks and updates said policies and procedures, together with its system(s), regularly. *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288 (11th Cir. 2019) The procedures component of the bona fide error defense involves a fact intensive two-step inquiry. *Id*.

In carrying out the FDCPA's remedial scheme, courts have interpreted this affirmative defense narrowly. In *Jerman v. Carlisle, McNellie, Rini, Kramer*

*& Ulrich LPA*, 559 U.S. 573 (2010), the United State Supreme Court held that the "bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of the [Act]." Congress's use of the word "procedures" to imply a routinized process of error-checking. The dictionary defines "procedure" as a series of steps followed in a regular orderly definite way. The required procedures must be reasonably adapted to avoid the specific error at issue. *Id.* Moreover, "the procedures . . . must be explained, along with the manner in which they were adapted to avoid the error." *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008). A conclusory declaration that the debt collector maintains procedures to avoid error is insufficient as a matter of law. *Id.*

Furthermore, to avail itself to the bona fide error defense, "[t]he debt collector must have in place some ongoing policy that operates to detect, correct and prevent errors." *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 529 (E.D. Pa. 1996); *Crawford v. Credit Collection Servs.*, 898 F. Supp. 699, 703 (D.S.D. 1995). However, here, as with each attempted affirmative defense raised by Defendant, it is improperly pled and fails to provide any

supporting facts to support its position or provide any information or clarity connecting it to Plaintiff's claim.

As prevailing case law expressly holds, bare bone defenses and vague assertions are contrary to established law. This defense as asserted by Defendant, which does not provide any information connecting it to the Plaintiff's claims, is precisely the type of bare-bones conclusory statement that Court's deem impermissible. Simply parroting the statute is not a well-pled affirmative defense. In addition, when considering that the bona fide error defense is considered a "mistake," the law demands a heightened pleading requirement

Federal Courts have repeatedly held that a bona fide error defense requires a more definite statement and a heightened pleading requirement. In *Bartholomew v. Pollack & Rosen, P.A.*, No. 2:15- CV-135-FTM-29, 2015 U.S. Dist. LEXIS 80576, 2015 WL 3852944, at *2 (M.D. Fla. June 22, 2015), the Court struck an FDCPA Defendant's attempted boilerplate bona fide error defense and held that:

> Thus, the fifth affirmative defense simply restates the statutory language without any additional detail. Such a defense, which does not provide any information connecting it to Plaintiff's claims, is precisely the type of bare-bones conclusory allegation that must be stricken

An affirmative defense must allege facts to support its conclusions. Here, the Defendant fails to provide a single shred of supporting facts to support its position or provide any information or clarity connecting its defense to this action. Moreover, the bona fide error defense does not apply to mistakes in legal judgment, mistakes in reliance on the advice of counsel, or a mistake about the law. *Picht v. John R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001).

## CONCLUSION

For these reasons, all four (4) of the defenses and arguments raised in Defendant's answer should be stricken or alternatively, treated as mere denials.

## Local Rule 3.01(g)

The undersigned conferred with the opposing party via telephone on October 22, 2024. The parties were unable to resolve all or part of the motion.

Respectfully submitted,

**THE POWER LAW FIRM**
5415 Lake Howell Rd., #189
Winter Park, FL 32792
Telephone: 407-906-3328

*/s/ Bryan A. Dangler*
Bryan A. Dangler, Esq.
Florida Bar No.: 113671
service@superpowerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: Michael Gold, Esq., mgold@pollackrosen.com.

*/s/ Bryan A. Dangler*
Bryan A. Dangler, Esq.
Florida Bar No.: 113671