**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SARAH RABUCK,**

        **Plaintiff,**

v.                                                       **Case No: 6:24-cv-1586-PGB-DCI**

**POLLACK & ROSEN, P.A.,**

        **Defendant.**

_____/

**<u>ORDER</u>**

This cause comes before the Court on Plaintiff Sarah Rabuck's ("**Plaintiff**") Motion to Strike Defendant Pollack & Rosen, P.A.'s ("**Defendant**") Affirmative Defenses. (Doc. 31 (the "**Motion to Strike**")). Defendant responded in opposition. (Doc. 32). Upon consideration, the Motion to Strike is due to be granted in part and denied in part.

**I.   BACKGROUND**[1]

This lawsuit arises from an alleged dispute involving Defendant's attempts to collect a third-party's debt from Plaintiff. (*See generally* Doc. 1-1 (the "**Complaint**")).

---

[1] This account of the facts comes from Plaintiff's Complaint. (Doc. 1-1). At this procedural posture, the Court accepts the well-pled factual allegations therein as true when considering motions regarding the sufficiency of the pleadings. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

In 2024, Defendant initiated a lawsuit against Plaintiff in Seminole County on behalf of Defendant's client, UGH I LLC, to collect a consumer debt. (*Id.* ¶ 13). However, Plaintiff did not live in Seminole County—she lived in Orange County—and "[t]he contract forming the basis for the alleged debt at issue was not signed [or executed] in Seminole County." (*Id.* ¶¶ 14–16). As such, Plaintiff alleges that Defendant filed the collections lawsuit in an improper venue and thus, violated the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692i.[2] (*Id.*). Following the allegedly wrongful filing, the collections lawsuit became "public record," and Plaintiff has suffered an array of damages as a result. (*See generally id.*).

Consequently, Plaintiff filed the instant lawsuit in state court, asserting a sole claim against Defendant for violating the FDCPA's venue provision. (*Id.*). Defendant removed the action to this Court (Doc. 1), and, shortly thereafter, filed its Answer and Affirmative Defenses (Doc. 22). Plaintiff now moves to strike Defendant's affirmative defenses for being "legally insufficient, factually inaccurate and incorrect pronouncements of federal law." (Doc. 31, p. 2). Defendant responded in opposition (Doc. 32), and the matter is now ripe for review.

---

[2] The applicable provisions of § 1692i provide that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i.

## II.     STANDARDS OF REVIEW[3]

### A.     Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have broad discretion in ruling on motions to strike. *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, No. 6:08-cv-305, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (internal quotations omitted).

Generally, though, motions to strike affirmative defenses are disfavored "because striking a portion of a pleading is a drastic remedy and . . . often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Such motions will "'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *E.g.*, *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997) However, where a defense "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action . . . [it] should be deleted." *Id.*; *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Nevertheless, in most situations when striking an

---

[3]  The Court notes that neither party even addressed the requisite standard of review in their briefs, much less how it applies to the request at hand. (*See* Docs. 31, 32).

affirmative defense, courts provide leave for defendants to replead unless to do so would be futile or unnecessary. *See, e.g.*, *Romero v. Southern Waste Sys. LLC*, 629 F. Supp. 2d 1356 (S.D. Fla. 2009).

### B. Pleading Standard for Affirmative Defenses

Courts remain divided with regard to the appropriate pleading standard required for affirmative defenses, and the Eleventh Circuit has yet to resolve the split of opinion. *See Daley v. Scott*, No. 2:15-cv-269, 2016 WL 3517697, at *1–2 (M.D. Fla. June 28, 2016); *Dionisio v. Ultimate Images & Designs*, 391 F. Supp. 3d 1187, 1192–93 (S.D. Fla. 2019). Some courts hold that affirmative defenses are subject to the heightened pleading standard of Rule 8(a)—which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"—and the requirements articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). FED. R. CIV. P. 8(a)(2); *see, e.g.*, *Torres v. TPUSA, Inc.*, No. 2:08-cv-618, 2009 WL 764466, at *1 (M.D. Fla. Mar. 19, 2009); *S.E.C. v. BIH Corp.*, No. 2:10-cv-577, 2013 WL 1212769, at *1 (M.D. Fla. Mar. 25, 2013). Other courts find that the less stringent standard of Rule 8(b) and (c) applies to affirmative defenses. *See, e.g.*, *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *Jirau v. Camden Dev., Inc.*, No. 8:11-cv-73, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011). Given the lack of consensus in the Eleventh Circuit, the plain language of Rule 8, the practical difficulty of collecting the information necessary to include supporting factual allegations in the 21-day

response period, and "the longstanding adversity to striking an affirmative defense unless it does not have any possible connection to the controversy and might prejudice a party if it remains," this Court follows the latter approach. *Moore*, 2014 WL 2527162, at *2; *see, e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37, 2013 WL 5970721, at *2 (M.D. Fla. Nov. 8, 2013) (collecting cases). In other words, to sufficiently plead an affirmative defense, a defendant need only "provide 'fair notice' of the defense and 'the grounds upon which it rests,'" not detailed factual allegations. *Gonzalez*, 2013 WL 5970721, at *2 (quoting *Drzik v. Haskell Co.*, 3:11-cv-379-J32MCR, 2011 WL 2981565 * 1 (M.D. Fla. July 22, 2011)).

### III. DISCUSSION

Plaintiff requests that the Court strike all four of Defendant's affirmative defenses. *(See generally* Doc. 31). Although the Court has broad discretion in ruling on a motion to strike, the Court may only strike an affirmative defense when it is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683–84 (M.D. Fla. 2002) (quoting *Anchor Hocking*, 419 F. Supp. at 1000); *see also Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982) (affirming the striking of a defendant's affirmative defense as it was "legally insufficient").[4] In

---

[4] An affirmative defense will be held insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Anchor Hocking*, 419 F. Supp. at 1000. The Court notes, however, that Plaintiff claims that the affirmative defenses are "legally insufficient" for various other reasons, such as failure to meet the

sum, none of the affirmative defenses at issue are "insufficient as a matter of law." The Court will address the sufficiency of each affirmative defense in turn.

### A.     First Affirmative Defense

In the First Affirmative Defense, Defendant argues that it would show "Plaintiff failed to mitigate her damages by failing to transfer the matter to the correct venue." (Doc. 22, p. 3). Plaintiff contends that this affirmative defense should be stricken because 1) it "lacks any facts to support its conclusion," and 2) the FDCPA is a strict liability statute. (Doc. 31, pp. 4–6).

For one, although stated in generic terms, the basis of the First Affirmative Defense is quite clear. (Doc. 22, p. 3). Defendant simply opines that Plaintiff could have mitigated her damages by moving to transfer the case to the proper venue. (*See id.*). Ultimately, the affirmative defense itself is relatively straightforward. As such, the Court finds that the affirmative defense is not "legally insufficient," and Plaintiff provides Defendant fair notice of the mitigation defense and the grounds upon which it rests.

With regard to Plaintiff's argument regarding strict liability under the FDCPA and the applicability of such a defense, Plaintiff fails to highlight legal authority that supports the contention that mitigation of damages is not a proper affirmative defense. *See, e.g.*, *Nelson v. Ideal Collection Servs., Inc.*, No. 122CV02586MLBRDC, 2022 WL 17932497, at *1 (N.D. Ga. Oct. 24, 2022); *Aluia*

---

requisite pleading standard. (*See generally* Doc. 31). The Court tailors its discussion to address the specific grounds Plaintiff raises.

*v. Dyck-O'Neal, Inc.*, No. 2:15-CV-81-FTM-38MRM, 2015 WL 4349090, at *2 (M.D. Fla. July 14, 2015); *Roth v. Nationstar Mortg., LLC*, No. 215CV783FTM29MRM, 2016 WL 7094023, at *2 (M.D. Fla. Dec. 6, 2016) ("[F]ailure to mitigate is indeed a proper affirmative defense [of an FDCPA claim]."); *Sellers v. Rushmore Loan Mgmt. Servs., LLC*, No. 3:15-CV-1106-J-32PDB, 2016 WL 11431489, at *3 (M.D. Fla. May 26, 2016) (rejecting plaintiff's argument that the FDCPA imposes strict liability and thus, defendant's affirmative defense for failure to mitigate damages should be struck). Regardless, the Court need not address the merits of this defense at this juncture. Therefore, Plaintiff's Motion to Strike Defendant's First Affirmative Defense is denied.

### B.     Second Affirmative Defense

In the Second Affirmative Defense, Defendant contends that it would show "Plaintiff's damages for []anxiety, despair, anguish, depression, lack of sleep, frustration, and emotional distressed [sic] were the result of Plaintiff's failure to pay her outstanding debts and not the filing of a lawsuit in the wrong County." (Doc. 22, p. 3). However, Plaintiff avers—albeit with little reasoning—that this affirmative defense is a mere denial. (Doc. 31, pp. 6–7).

As Defendant points out, "the Second Affirmative Defense would admit that the filing is in the wrong county but avoids liability as the damages the Plaintiff alleges she sustained were not proximately caused by Defendant's conduct but her own." (Doc. 32, pp. 3–4). As such, the aforementioned defense asserts that the "injuries are unrelated to the incident at issue." (*Id.* (quoting *Lebron v. Royal*

*Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2017 WL 7792720, at *4 (S.D. Fla. Aug. 18, 2017), *report and recommendation adopted*, 2017 WL 7803805 (S.D. Fla. Sept. 27, 2017))). Thus, the Court finds the Second Affirmative Defense goes beyond simply denying Defendant's actions were a proximate cause of Plaintiff's injuries and "*affirmatively asserts* that such injuries are unrelated to the incident at issue." *Lebron*, 2017 WL 7792720, at *4 (emphasis added); *see Harris v. Nationstar Mortg., LLC*, No. 8:13-CV-2610-T-17EAJ, 2014 WL 11332305, at *3 (M.D. Fla. Apr. 23, 2014), *report and recommendation adopted*, 2014 WL 12617905 (M.D. Fla. May 14, 2014) (noting that, despite plaintiff's contention that the affirmative defense of proximate cause "should be treated as a denial, [d]efendant has adequately put [p]laintiff on notice of its defense that it did not cause [p]laintiff's damages"). Thus, Plaintiff's request to strike the Second Affirmative Defense is denied.

### C.     Third Affirmative Defense[5]

Defendant's Third Affirmative Defense sets forth that "any award won by Plaintiff is offset by the amounts owed to Defendant for the underlying debt." (Doc. 22, p. 4). Plaintiff argues that such a defense "is absent merit in law and fact." (Doc.

---

5    The Court notes that, in Defendant's Answer, the affirmative defense listed as "3." is improperly labeled as the "Fourth Affirmative Defense." (Doc. 22, p. 4). Consequently, the affirmative defense listed as "4." is improperly labeled as the "Third Affirmative Defense." (*Id.*). Thus, the Court clarifies that the Third Affirmative Defense is that "Defendant would show that any award won by Plaintiff is offset by the amounts owed to Defendant for the underlying debt." (*Id.* (the "**Set Off Defense**")). The Fourth Affirmative Defense is that "Defendant would show that filing the suit in the wrong county was the result of a bona fide error. The filing in the wrong county was not intentional and Defendant maintains procedures reasonably adapted to avoid such error." (*Id.*).

31, p. 8). Ultimately, Defendant agrees that this defense should be stricken. (Doc. 32, p. 4). Thus, the Third Affirmative Defense—the Set Off Defense—is hereby stricken.

### D. Fourth Affirmative Defense[6]

The Fourth Affirmative Defense asserts the following: "Defendant would show that filing the suit in the wrong county was the result of a bona fide error. The filing in the wrong county was not intentional and Defendant maintains procedures reasonably adapted to avoid such error." (Doc. 22, p. 4). The essence of Plaintiff's argument is that this defense is boilerplate and thus, inadequately pled. (Doc. 31, pp. 8–12). The Court disagrees.

As Defendant correctly points out, Defendant need not "outline and prove the entire factual basis" of its defenses. (Doc. 32, p. 4). Defendant clearly connects its defense of bona fide error to Plaintiff's claims, namely by stating what the alleged error was—filing in the wrong county—notwithstanding that it "maintains procedures reasonably adapted to avoid such error." (Doc. 22, p. 4); *compare Bartholomew v. Pollack & Rosen, P.A.*, No. 2:15-CV-135-FTM-29, 2015 WL 3852944, at *2 (M.D. Fla. June 22, 2015) (striking a bona fide error affirmative defense that "simply restate[d] the statutory language without any additional detail" or connection to plaintiff's claims), *with Wiebe v. Zakheim & Lavrar, P.A.*, No. 6:12-CV-1200-ORL-18, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012) (finding that an affirmative defense of bona fide error was sufficiently pled when

---

6   *See supra* note 4.

defendant indicated the filing of an action in the wrong county was an unintentional error "notwithstanding the maintenance of procedures reasonably adapted to avoid such an error"). Although succinct, verbosity is unnecessary when the circumstances are clear and Plaintiff is provided with "fair notice" of the nature of the defense and grounds upon which it rests.[7] Therefore, Plaintiff's request to strike the Fourth Affirmative Defense is denied.

## IV.   CONCLUSION

For these reasons, Plaintiff's Motion to Strike (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Orlando, Florida on March 19, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[7] Plaintiff also opines that a bona fide error defense is subject to a heightened pleading requirement. (Doc. 31, p. 11). However, Plaintiff fails to cite authority that supports such a contention, nor is this Court convinced that such a contention is correct. Plaintiff cites to *Bartholomew v. Pollack & Rosen, P.A* following Plaintiff's assertion that "a bona fide error defense requires a more definite statement and a heightened pleading requirement." (*Id.* at pp. 11–12). However, in *Bartholomew*, the court simply struck defendant's bona fide error defense because it "simply restate[d] the statutory language without any additional detail." 2015 WL 3852944, at *2. Absent is the *Bartholomew* court indicating that bona fide error defenses require *heightened* pleading. *See id.* Nevertheless, although Plaintiff did not set forth the applicable case law, some courts in this District have indeed held "that the bona fide error defense is subject to Rule 9(b)'s heightened pleading standards." *Roth*, 2016 WL 7094023, at *3 n.3 (collecting cases). Ultimately, such authority is merely persuasive, and the Court finds Defendant's Fourth Affirmative Defense is sufficient for the reasons discussed herein.